UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JEFFREY JEFFERS,                                                    14 CV 5258 (JG) (LB)

                            Plaintiff,

        -against-                                                                    AMENDED
                                                                         COMPLAINT
CITY OF NEW YORK, P.O. IGLESIAS and P.O. CRAIG,
in their official and individual capacities,                                JURY TRIAL
                                                                         Pursuant to FRCP 38(b)
                         Defendants.

----------------------------------------------------------------------X

       Plaintiff, JEFFREY JEFFERS, by and through his attorney, PAMELA S. ROTH, as and for his Amended Complaint, respectfully alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

       1.    Plaintiff JEFFREY JEFFERS brings this action to seek relief for defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including the Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney fees and such other and further relief this Court deems just and proper.

## JURISDICTION AND VENUE

       2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

4. Venue in this District is proper pursuant to 28 U.S.C. §1391(a), (b) and (c) in that Defendant CITY OF NEW YORK is administratively located within the Eastern District of New York, and the event giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY DEMAND

5. Plaintiff demands a trial by jury on each and every one of his claims.

## PARTIES

6. At all times relevant to this action Plaintiff, JEFFREY JEFFERS was a resident of Kings County, New York, and he has been a resident of the United States of America.

7. Defendant CITY OF NEW YORK, is and was at all times relevant to this action, a municipal corporation created and authorized under the laws of the State of New York.

8. Defendant, CITY OF NEW YORK is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

9. Defendant, CITY OF NEW YORK, assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches

to the public consumers of the services provided by the New York City Police Department.

10. Defendant, CITY OF NEW YORK, was at all times relevant to this case the public employer of defendants P.O. IGLESIAS and P.O. CRAIG.

11. Defendants P.O. IGLESIAS and P.O. CRAIG are and were at all times relevant to this case duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of defendant CITY OF NEW YORK.

12. Defendants P.O. IGLESIAS and P.O. CRAIG are and were at all times relevant to this action herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant, CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

13. On August 4, 2014, in the forenoon of that day, Defendants P.O. IGLESIAS and P.O. CRAIG, were on duty and assigned to the Criminal Court building located at 120 Schermerhorn Street, in the County of Kings, City and State of New York, assigned to the 94th Police Precinct and serving under Tax Registry No. unknown at this time.

14. At all times relevant, Defendants, P.O. IGLESIAS and P.O. CRAIG, were all duly appointed and acting police officers of the New York City Police Department

assigned to the 94th Police Precinct and serving under Tax Registry No. unknown at this time.

15. On August 4, 2014, Defendant P.O. IGLESIAS, was on duty and assigned to the 94th Precinct and serving under Tax Registry No. unknown at this time.

16. On August 4, 2014, Defendant P.O. CRAIG, was on duty and assigned to the 94th Precinct and serving under Tax Registry No. unknown at this time.

17. At all relevant times, the individual defendants were acting pursuant to their authority as New York City Police Department employees. Notwithstanding their unconstitutional and unlawful conduct, the actions of the individual defendants were taken in the course of their duties and were incidental to their otherwise lawful function as agents, servants and employees of the New York City Police Department.

18. At all relevant times, the individual defendants were agents, servants and employees acting within the scope of their employment.

19. Alternatively, the individual defendants were, at all relevant times, acting outside the scope of their employment.

## STATEMENT OF FACTS

20. On August 4, 2014, at the Criminal Court building located at 120 Schermerhorn Street, in the County of Kings, City and State of New York, Plaintiff had arrested and charged with one count of Petit Larceny.

21. Plaintiff was assaulted by Defendants P.O. IGLESIAS and P.O. CRAIG when they placed Plaintiff in a chokehold and slammed him into the wall of the holding cell.

22. Defendants P.O. IGLESIAS and P.O. CRAIG intentionally yanked and forced Plaintiff's arms into an awkward and twisted position, all the while making the handcuffs tighter on his wrists. Defendants P.O. IGLESIAS and P.O. CRAIG caused injuries to Plaintiff's right shoulder and right elbow and necessitated medical treatment at Woodhull Medical Center before appearing before the Arraignment Judge to be arraigned on the criminal charges.

23. At the aforesaid time, Plaintiff was handcuffed, assaulted and battered by Defendants P.O. IGLESIAS and P.O. CRAIG causing injuries to Plaintiff's right shoulder and right elbow. Defendants manhandled Plaintiff at 120 Schermerhorn Street, Brooklyn, New York. Plaintiff complained of the pain and tightness of the handcuffs on his wrists.

24. Thereafter Plaintiff was transported by Defendants P.O. IGLESIAS and P.O. CRAIG to Woodhull Medical Center injuries to his right arm and right shoulder.

25. Plaintiff was treated in the emergency room and administered pain medication by injection. X-rays were taken and his arm was placed in a sling before being discharged to the P.O. IGLESIAS and P.O. CRAIG .

26. Defendants P.O IGLESIAS and P.O.CRAIG then transported to Central Booking at Brooklyn Criminal Court located at 120 Schermerhorn Street, Brooklyn, New York.

27. Plaintiff suffered from and continues to suffer from medical condition that include but are not limited to a heart condition, diabetes and asthma.

28. As a direct and proximate result of defendants' actions, plaintiff, JEFFREY JEFFERS, sustained, *inter alia,* physical injury, including contusions and

abrasions to face and body, pain to his right shoulder, pain to right hand, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City and the State of New York.

## FEDERAL CLAIMS

### AS A FIRST CAUSE OF ACTION FOR RELIEF
### DEPRIVATION OF RIGHTS UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State Law.

31. All of the aforementioned acts deprived Plaintiff of the right, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35. As a result of the aforementioned conduct of defendants, Plaintiff was injured.

### AS A SECOND CAUSE OF ACTION FOR RELIEF
### FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants P.O. IGLESIAS and P.O. CRAIG each had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

38. The defendants P.O. IGLESIAS and P.O. CRAIG failed to intervene to prevent the unlawful conduct of each defendant described herein.

39. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was assaulted and battered, put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### AS A THIRD CAUSE OF ACTION FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. The defendants P.O. IGLESIAS and P.O. CRAIG unlawfully used excessive force against the Plaintiff without justification.

42. As a result of the foregoing, Plaintiff was deprived of his Fourth and Fourteenth Amendment rights.

WHEREFORE, Plaintiff JEFFREY JEFFERS demands judgment and prays for the following relief, jointly and severally, against the defendants:

1. Awarding JEFFREY JEFFERS full and fair compensatory damages in an amount to be determined by a jury;
2. Awarding JEFFREY JEFFERS punitive damages in an amount to be determined by a jury;
3. Awarding reasonable attorney's fees pursuant to 42 U.S.C. §1988 and the costs and disbursements of this action; and
4. Granting such other and further relief as to this Court deems just and proper.

Dated:     Brooklyn, New York
           January 6, 2016

                                            /s/
                                        _____
                                        PAMELA S. ROTH (PR 7124)
                                        Attorney for Plaintiff
                                        9118 Fifth Avenue
                                        Brooklyn, New York 11209
                                        (718) 836-9118

TO:

RICHARD BAHRENBURG, ESQ.
Assistant Corporation Counsel
Special Federal Litigation Unit
Attorneys for Defendants
CITY OF NEW YORK et al.
The City of New York Law Department
Zachary W. Carter
Office of the Corporation Counsel
100 Church Street
New York, New York 10007
Phone: (212) 356-2338
Fax: (212) 356-3509
Email: rbahrenb@law.nyc.gov